**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **LARRY K. WILLIS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| **v.** | )   **Case No. 3:05-0106** |
| | )   **Judge Echols** |
| **DELOITTE & TOUCHE USA, LLP,** | ) |
| | ) |
|     **Defendant.** | ) |

## ORDER

Pending before the Court are the Report and Recommendation ("R & R") entered by the United States Magistrate Judge on December 19, 2005 (Docket Entry No. 44), Plaintiff's Response to the Report and Recommendations for Granting Summary Judgment (Docket Entry No. 45), and Defendant's Reply to Plaintiff's Response to the Report and Recommendations for Granting Summary Judgment (Docket Entry No. 46). Plaintiff objects to the recommendation that this Court grant Defendant's Motion for Summary Judgment (Docket Entry No. 35) because Plaintiff contends he has generated genuine issues of material fact for trial. Defendant contends the R & R is well-reasoned, Plaintiff failed to comply with Local Rule 8(b)(7)(c) by providing a response to Defendant's Statement of Undisputed Facts, and Defendant is entitled to judgment as a matter of law for the reasons stated in the R & R.

When a party makes timely objections to an R & R, the Court is required to conduct a *de novo* review of that portion of the R & R

1

to which specific written objection has been made. Fed.R.Civ.P. 72(b). The Court "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id. The Court has conducted a *de novo* review of the entire record.

The Magistrate Judge accurately noted in the R & R that Plaintiff did not file a response to Defendant's Statement of Undisputed Facts (Docket Entry No. 37), and thereby failed to comply with Local Rule 8(b)(7)(c). The *pro se* Plaintiff was specifically instructed in the Scheduling Order to comply with Local Rule 8(b)(7) in responding to any dispositive motion filed by the Defendant. (Docket Entry No. 15, Scheduling Order at 3-4.) Plaintiff was warned that "failure to respond to the motion and to statements of facts may result in the Court taking the facts alleged in the matter as true and granting the relief requested." (Id. at 3.) Under Local Rule 8(b)(7)(g), Plaintiff's failure to respond to the Defendant's Statement of Undisputed Material Facts "shall indicate that the asserted facts are not disputed for the purposes of summary judgment." Consequently, Defendant's version of the facts is accepted as true for purposes of the summary judgment motion.

Although Plaintiff attached several documents to his response to Defendant's motion for summary judgment (Docket Entry No. 42), none of the documents were authenticated and none offered any

2

direct or circumstantial support to Plaintiff's claim that he was subjected to age discrimination by his supervisor, Evelyn Hutchison. Plaintiff attached a few additional documents to his Response to the R & R, but those documents were not authenticated, and they, too, fail to contain any direct or circumstantial evidence of the alleged age discrimination. (Docket Entry No. 45.)

Plaintiff centers his objections on an e-mail sent by James Cawood, a psychologist, to Marilyn Meyer, Defendant's Human Resources Senior Manager, concerning Plaintiff. (Docket Entry No. 45, Attachment I.) Plaintiff contends the e-mail generates genuine issues of material fact for trial about whether Plaintiff reminded Ms. Hutchison of her former husband, thus causing her negative emotions; whether Plaintiff's co-worker, Mr. Jannett, held a grudge against Plaintiff because Mr. Jannett was demoted; whether Plaintiff was isolated from his work team; and whether Ms. Hutchison placed Plaintiff on a Performance Improvement Plan that was so confusing Plaintiff could not succeed in following it.

These matters do not generate genuine issues of material fact for trial concerning age discrimination. Even if they do, Plaintiff still has not shown how he can overcome the fatal flaws the Magistrate Judge identified in the case.

Having set forth the *prima facie* elements of an age discrimination claim, the Magistrate Judge correctly determined that Plaintiff failed to meet two of those elements: he failed to

3

show he suffered an adverse employment action, and he failed to show he was treated differently than a younger, similarly situated person. Although Plaintiff received two negative performance evaluations from Ms. Hutchison, Plaintiff did not produce any *evidence* that those evaluations precluded him from obtaining raises or other benefits. Plaintiff did not produce his affidavit stating, if it is true, that Defendant denied him raises as a result of the negative evaluations, nor did he produce any portion of his deposition transcript showing that he so testified during his deposition or any documents establishing that he was denied raises.[1] Thus, under Primes v. Reno, 190 F.3d 765, 767 (6th Cir. 1999), and Hollins v. Atlantic Co., 188 F.3d 652, 662 (6th Cir. 1999), Plaintiff did not prove the negative evaluations so impacted his compensation that he suffered an adverse employment action.

The Magistrate Judge also correctly observed that Plaintiff failed to produce any evidence that a younger person, similarly situated to Plaintiff in all respects, was treated differently than Plaintiff. In fact, the evidence shows the only other negative

---

[1]Plaintiff alleges Defendants did not disclose requested documents in discovery, but the Court's review of the record indicates he did not file a Motion to Compel or raise the matter before the Magistrate Judge at any time.
    Although Plaintiff contends he is without funds to finance this litigation, Plaintiff paid the filing fee and the record reflects he is receiving long-term disability benefits through his employer, the Defendant, which amount to slightly more than two-thirds of his prior salary. Although Plaintiff is proceeding *pro se*, he must comply with the rules of evidence and federal procedure applicable to all litigants.

4

performance evaluation Ms. Hutchison gave at any time was to a woman under the age of 40 at the time her evaluation was completed.

Finally, the Magistrate Judge correctly concluded Plaintiff's retaliation claim must fail because the acts of Defendant which Plaintiff claims are retaliatory occurred *before* Plaintiff filed an administrative charge with the Equal Employment Opportunity Commission alleging age discrimination.

Accordingly, the Court rules as follows:

(1) Plaintiff's Response to the Report and Recommendations for Granting Summary Judgment (Docket Entry No. 45), is hereby OVERRULED.

(2) The Magistrate Judge's Report and Recommendation ("R & R") entered on December 19, 2005 (Docket Entry No. 44) is hereby ACCEPTED.

(3) Defendant's Motion for Summary Judgment (Docket Entry No. 45), is hereby GRANTED.

(4) This case is hereby DISMISSED WITH PREJUDICE.

(5) Entry of this Order on the docket shall constitute entry of final Judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

*[signature]*
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE